UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER KASKIEWICZ,<br>Plaintiff<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 08 113<br><br>C.A. No. 08- |

**NOTICE OF REMOVAL**

Defendant Life Insurance Company of North America ("LINA"), in support of this notice of removal of this action to the United States District Court for the District of Rhode Island, respectfully submits that:

1. LINA is the sole named defendant in this civil action pending in the Superior Court of the State of Rhode Island, Providence County, C.A. No. PC 08-1172 captioned, "Peter Kaskiewicz v. Life Insurance Company of North America." Plaintiff commenced his action by filing the complaint in the Providence County Superior Court. The case was originally entitled, "Peter Kaskiewicz v. CIGNA Group Insurance." Plaintiff served the complaint on the Rhode Island Superintendent of Insurance on or about February 28, 2008, who forwarded it to LINA. After counsel of LINA advised plaintiff's counsel that "CIGNA Group Insurance" does not exist as such, plaintiff amended his complaint to substitute LINA as the sole defendant. Plaintiff's amended complaint is appended hereto as Exhibit A. Certified copies of all pleadings filed in Superior Court in this matter will be filed pursuant to LR Cv 81(b). There have been no further proceedings.

2. LINA is incorporated under the laws of Pennsylvania, headquartered in Pennsylvania and a member of the Cigna Group of Insurance Companies.

3. The amended complaint alleges that the plaintiff Peter Kaskiewicz is a resident of Cranston, Rhode Island. Complaint, ¶ 1.

4. Plaintiff alleges that while employed at PPG Autoglass, he was covered under a group insurance policy providing disability insurance (the "Plan"). Complaint, ¶¶ 1, 4, 5.

5. Plaintiff alleges that he became disabled within the meaning of the Plan and was therefore eligible to receive benefits, but was denied benefits by the defendant. Complaint, ¶¶ 8-13, 19.

6. Plaintiff seeks, among other things, "(A) Full Legal (sic) and equitable relief under RIGL §9-1-33, including Long Term Disability Benefits and statutory interest; (B) Compensatory damages; (C) Attorney's fees and costs of this action; and (D) Such other relief as the law and equity will allow." Complaint, "Wherefore" clause, Count II.

7. Rhode Island General Laws § 9-1-33(a) provides that an insured may bring an action against an insurer that "wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance." An insured bring such an action is entitled to seek "compensatory damages, punitive damages, and reasonable attorney fees." Id.

8. Plaintiff's allegations relate directly to disability income coverage provided under an employee welfare benefit plan (the "Plan") sponsored and maintained by PPG Autoglass and insured by LINA.

9. The Plan is, on information and belief, subject to and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA").

10. ERISA provides the exclusive remedies for claimants seeking benefits from or to determine rights under employee welfare benefit plans. ERISA, §§502(a)(1)(B), 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and falls within the scope of ERISA §502(a)(1), 29 U.S.C. §1132(a)(1), is removable to federal court under 28 U.S.C.§1441 as an action arising under federal law, even if the ERISA-related nature of the action does not appear on the complaint's face. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

11. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b).

12. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it is a controversy between citizens of different states and, on information and belief, exceeds the sum or value of $75,000, exclusive of interest and costs.

13. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

14. Written notice of the filing of this Notice of Removal will be given to the plaintiff as required by law.

WHEREFORE, defendant LINA prays that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Brooks R. Magratten, #3585
Timothy M. Bliss, Esq. #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: March 27, 2008

CERTIFICATE OF SERVICE

To:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 27th day of March, 2008.