STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

PETER KASKIEWICZ

VS.

CA NO: 08-1172

RECEIVED
[illegible] 2 4 2008
VETTER & WHITE

LIFE INSURANCE COMPANY OF
NORTH AMERICA, Alias

**AMENDED COMPLAINT IN CIVIL ACTION**

NOW COMES the Plaintiff, PETER KASKIEWICZ, by his attorney, Mark B. Morse, and sets forth the following:

**THE PARTIES**

1. Plaintiff is a resident of the City of Cranston, State of Rhode Island. At all times material hereto, Plaintiff has been an employee of PPG Autoglass (hereinafter the Employer) since in or about November 16, 1989 as a salesperson.

2. The Employer is a corporation authorized to do business in the State of Rhode Island and wholesales auto glass to companies throughout the State of Rhode Island.

3. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter Life Ins. Co. ) is a corporation engaged in the business of insurance with a principal place of business in Pittsburgh, PA and which is authorized to do business in the State of Rhode Island.

**FACTUAL ALLEGATIONS**

4. At all times material hereto, and since at least 1989, Life Ins. Co. issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

5. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured

under said policy.

6. Life Ins. Co. administers the Plan for the benefit of the Plaintiff and other employees of the Employer.

7. The Plan is a voluntary employee benefit plan not subject to the provisions of ERISA, and 29 U.S.C. 1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

8. On or about March 7, 2005, Plaintiff sustained substantial injuries.

9. Since on or about March 7, 2005 Plaintiff has been disabled and unable to perform the material duties of his job, or any other occupation for which he is reasonably qualified based upon his education, training, or experience.

10. Since at least March 7, 2005, Plaintiff has been diagnosed with coronary artery disease, inferior myocardial infarction, and has undergone coronary bypass surgery, and suffered shortness of breath and fatigue.

11. As a result of his injuries and illnesses, since on or about March 7, 2005, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

12. On or about September 4, 2005, Plaintiff became eligible for benefits under the PPG Autoglass Long Term Disability Plan administered by the Defendant Life Ins. Co..

13. On or about November 9, 2005, Defendant Life Ins. Co., denied Plaintiff's disability benefits even though he was disabled within the meaning of the Plan.

14. Plaintiff filed a timely appeal of the termination of his benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

15. On or about February 15, 2006 Life Ins. Co. denied Plaintiff's appeal.

16. On or about July 26, 2006 and October 19, 2007 , Life Ins. Co. refused to further consider Plaintiff's appeal.

17. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

18. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

19. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendant obligated to pay same.

20. Defendant has failed to keep its agreements and promises by refusing to pay beyond Long-Term Disability Benefits under the Plan, and in so doing has breached same.

21. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
## (BREACH OF CONTRACT)

22. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 22, inclusive, as if more fully set forth herein.

23. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which he gave adequate consideration by paying premiums to the Defendant, Life Ins. Co. created a contract with the Plaintiff.

24. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

25. In refusing to pay Plaintiff's Long-Term Disability Benefits, Life Ins. Co. has breached the contract with Plaintiff causing him to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over his claims and award:

(A) Compensatory damages;

(B) Attorney's fee and costs of this action; and

(C) Such other relief as the law and equity will allow.

**COUNT II**

**(BAD FAITH)**

26. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 26, inclusive, as if more fully set forth herein.

27. The conduct of Life Ins. Co. as heretofore described, constitutes bad faith conduct and is in violation of the Rhode Island Bad Faith Statute as set out at RIGL § 9-1-33, et. al. generally and in the following particulars:

A. In not promptly paying Plaintiff benefits when Life Ins. Co.'s obligation to do so had become clear under the policy of insurance;

B. In making its claims decision based on its own financial interests instead of the interests of its insured;

C. By knowingly and in reckless disregard of its obligation to Plaintiff, terminating Plaintiff's benefits;

D. Failing to consider Plaintiff's appeal in a timely and reasonable fashion, and

E. Terminating and refusing to pay benefits without conducting a reasonable

investigation based upon available information.

29. Plaintiff has duly performed all of the conditions under the policy of insurance to be performed, but Life Ins. Co. has wholly neglected and refused to perform its obligations under the policy.

30. The conduct of Life Ins. Co., as heretofore described, constitutes bad faith conduct and is in violation of the Rhode Island Bad Faith Statute as set out at RIGL § 9-1-33.

31. The conduct of Life Ins. Co., as heretofore described, was frivolous and constituted an unfounded and unreasonable refusal to pay proceeds of the insurance policy; additionally, the above referred to conduct of Life Ins. Co. resulted in a breach of Life Ins. Co.'s duty to act in good faith which conduct was based upon the self-interest of Life Ins. Co..

32. The violation by Life Ins. Co. of the Rhode Island Bad Faith Statute set forth above, entitles Plaintiff to an award of compensatory damages; an award of punitive damages; and assessment of court costs and reasonable attorneys fees against Life Ins. Co..

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over his claims and award:

(A) Full Legal and equitable relief under RIGL §9-1-33, including Long-Term Disability Benefits and statutory interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff demands a jury trial as to all counts so triable and designates Mark B. Morse as trial counsel

PLAINTIFF
By his Attorneys,
Law Office of Mark B. Morse

MARK B. MORSE, Esq.
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com

CERTIFICATION

I hereby certify that I mailed a true copy of the within matter to: Brooks Magratten, Esq., Timothy Bliss, Esq., 20 Washington Place, Providence, RI 02903.

DATE: 3-21-08

John Martini