UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER KASKIEWICZ, Plaintiff | ) | |
| v. | ) | C.A. No. 08-113/ML |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendants. | ) | |

**ANSWER OF DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

Defendant Life Insurance Company of North America ("LINA") responds to the allegations of plaintiff's amended complaint as follows:

FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 2.

2. Answering the allegations of paragraph 3, alleges that LINA is a corporation engaged in the business of insurance and that it is authorized to conduct business within the State of Rhode Island; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 4, alleges that LINA issued group policy no. VDT-030046 ("Policy") to PPG Autoglass, LLC, to fund benefits under an employee welfare benefit plan (the "Plan") in which plaintiff was a participant; except as so alleged, denies the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 5, alleges that plaintiff was a participant in the Plan, the benefits of which were funded by the Policy; except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 6, alleges that LINA is the claims administrator of the Plan; except as so alleged, denies the remaining allegations of that paragraph.

6. The allegations of paragraphs 7, 18 and 23 state conclusions of law to which no response is required; to the extent the Court may otherwise construe those paragraphs, they are denied.

7. Denies the allegations of paragraphs 8, 9, 11, 12, 17, 19-21, 25, 27[1] and 29-32.

8. Answering the allegations of paragraph 10, alleges that plaintiff's medical records indicate that he has coronary artery disease with a history of an inferior myocardial infarction, that he underwent coronary bypass surgery and claims to have suffered from shortness of breath and fatigue; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 13, alleges that on or about November 9, 2005, plaintiff's claim for disability benefits from the Plan was denied; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 14, alleges that on or about December 20, 2005, LINA received a letter from plaintiff appealing the denial of his claim for benefits; except as so alleged, denies the remaining allegations of that paragraph.

11. Admits paragraph 15.

12. Answering the allegations of paragraph 16, alleges that LINA sent plaintiff a letter dated July 26, 2006 the terms of which speak for themselves and require no comment or characterization by LINA; except as so alleged, denies the remaining allegations of that paragraph.

13. Repeats and realleges its responses to paragraphs: 1-21 in response to paragraph

---

[1] Plaintiff's amended complaint does not contain a paragraph number 28.

22; and 1-25 in response to paragraph 26.

14. Answering the allegations of paragraph 24 alleges that the terms of the Plan and Policy speak for themselves and require no further comment or characterization from LINA; except as so alleged, denies the remaining allegations of that paragraph.

SECOND DEFENSE

15. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA") preempts and bars plaintiff's claims.

THIRD DEFENSE

16. Plaintiff's claim fails for lack of consideration.

FOURTH DEFENSE

17. Plaintiff fails to state a claim upon which relief may be granted.

FIFTH DEFENSE

18. Plaintiff's "bad faith" claims are premature and should be dismissed or bifurcated.

SIXTH DEFENSE

19. Plaintiff is not entitled to a jury trial.

SEVENTH DEFENSE

20. Plaintiff has failed to satisfy all terms and conditions precedent of the Plan and Policy for the payment of disability benefits.

EIGHTH DEFENSE

21. Plaintiff has failed to exhaust administrative remedies.

WHEREFORE, Defendant Life Insurance Company of North America demands judgment dismissing plaintiff's complaint with prejudice and awarding Life Insurance Company of North America its costs, fees and such further relief as the Court may deem appropriate.

/s/ Brooks Magratten

Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant Life Insurance Company of North America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: April 1, 2008

CERTIFICATE OF SERVICE

To:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02906

I hereby certify that I electronically filed the within Answer on April 1, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks Magratten