UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER KASKIEWICZ

VS. CA NO: 08- 113 ML

LIFE INSURANCE COMPANY OF
NORTH AMERICA, Alias

**PLAINTIFF'S RULE 16 CONFERENCE STATEMENT**

Elements of Plaintiff's Claims:

Plaintiff's Claim is for recovery of benefits due to him from a group long term disability plan due to the debilitating medical condition of the Plaintiff. The Plan is one established by the Defendant. Defendant is the insurance carrier which also is the funding entity. His claims are not subject to the Employee Retirement Income Security Act (ERISA) 20 U.S.C. 1140, 20 U.S.C. 1104 *et. seq*. because the Plan is not sponsored by the Employer. In order to establish his right to relief Plaintiff must establish:

COUNT I: Breach of Contract

a) the Insurance Contract provides for long term disability benefits when a beneficiary is totally disabled;

b) at applicable times Plaintiff has paid the agreed upon consideration to be covered by the contract;

c) Plaintiff has fulfilled the criteria for remittance of insurance benefits; particularly that he is disabled from full time employment and that compensation for him is provided for pursuant to the terms of the contract;

d) Plaintiff has made a claim for insurance benefits pursuant to the terms of the Contract;

e) Defendant has failed to remit insurance benefits;

f) Defendants' failure to remit insurance benefits is a breach of contract because Plaintiff is totally disabled ; and

g) The Plan is not governed by ERISA because it is not an employer sponsored plan,

29 C.F.R. § 2510.3-1(j); *New England Mut. Life Ins. Co., Inc. v. Baig*, 166 F.3d 1 (1st Cir 1999)

COUNT II Bad Faith Claim:

1) The Defendant breached its contract with Plaintiff and,

a) in making its claims decision the defendant based the decision its own financial interests instead of the interests of its insured; or

b) the defendant acted knowingly and in reckless disregard of its obligation to Plaintiff in terminating Plaintiff's benefits; or

c). the defendant failed to consider Plaintiff's appeal in a timely and reasonable fashion, or,

d) the defendant terminated plaintiff's disability compensation or refused to pay benefits without conducting a reasonable investigation based upon available information, and

2) the defendant had no reasonable basis or justification for denying said claim, and

3) The Plaintiff incurred damages.

*Maciszewski v. Flatley*, 814 A.2d 342 (R.I.2003).

PLAINTIFF
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Brooks Magratten, Esq
Timothy Bliss, Esq.
20 Washington Place
Providence, RI 02903
email: bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 28, 2008 /s/ Mark B. Morse